SMITH, Presiding Justice,
dissenting:
I respectfully dissent from the conclusions reached by the majority. I agree that the charge as given violated restrictions as *58 set up in Sharplin v. State, 330 So.2d 591 (Miss.1976), and although it did not reach the prejudicial proportions of the so-called Allen Charge, would have constituted reversible error if the question had been properly preserved. While by no means as strong as the famous or infamous Allen Charge, by inescapable inference it placed undue emphasis upon the supposed duty of the minority to think long and hard before clinging to its views in the face of contrary views held by the majority. However, no objection was interposed to the giving of the charge and a motion for a mistrial was not made until after it had been given in its entirety and the jury had returned to its deliberations.
The trial court was, of course, mistaken in stating that this Court had approved the giving of the Allen Charge. On the contrary, the giving of charges of this nature has been condemned and strictly limited by this Court. Sharplin, supra.
The giving of any charge to a “hung jury” which even by inference suggests that conscientious convictions of any juror should yield to the views of others in order that a unanimous verdict may be reached is a delicate and hazardous undertaking if it goes beyond “please retire and continue your deliberations.”
When it became apparent that the court would further instruct the jury at this juncture, it was incumbent upon counsel immediately to take some affirmative action to prevent the giving of any charge until he had been afforded an opportunity to know what it would be, and this is so even if it meant interrupting the court. If done, as it should and can be done, courteously and with deference, this will result in no prejudice nor in any contretemps whatever. Counsel should request at the earliest moment in such circumstances a copy of the instruction and a hearing in chambers as to its propriety. If a hearing is granted, as it almost certainly would be, counsel must then interpose such objections as he may deem appropriate. If, in the unlikely event that the court should refuse to disclose to counsel the nature of the proposed instruction, when so requested or to grant him an opportunity to object to it, the record will reflect counsel’s requests and the trial court’s action in denying them and a motion for a mistrial will then not be too late if counsel’s objections shown by the record should prove to be well taken. In this case, counsel allowed the charge to be given in its entirety without demur, and took no affirmative action of any kind to prevent it. In my view it was too late to base a motion for a mistrial upon the trial court’s action in giving the instruction under such circumstances.
The second ground upon which the majority has based reversal of the conviction is that the court improperly denied counsel the right to cross-examine the victim as to whether she had experienced any previous sexual encounter. This was to show that the torn hymen, disclosed by the medical examination, might not have occurred as the result of an assault by appellant. In view of the delay which had transpired before the assault was reported by the victim, and the long delay before the medical examination and discovery of the torn hymen, I would agree that this would have constituted reversible error if there were any support in the record for the suggestion of a previous sexual incident. However, the question was asked, the objection sustained, and nothing further was done. There was no offer of proof nor any request to be allowed to make a record by examining the witness on the point outside the hearing of the jury. Nor was anything offered on the motion for a new trial to indicate that if the witness had been required to answer she would have admitted a previous incident as the result of which the hymen might have been torn. In the final analysis, there is nothing in the record reflecting, or even capable of supporting an inference, that the answer of the witness would have disclosed a previous sexual experience of any kind. There is no reasonable basis appearing in the record for expecting that, upon retrial, there will be any evidence, from the victim or anyone else, supporting what is, after all, a mere speculation that the victim has had previous sexual experience.
*59 It is certainly conceivable that when the victim is asked the question on retrial she will answer no, that she has had no previous sexual experience. It is also conceivable that the defense will not be able to offer any evidence to show that her statement to that effect is false. This seems to me to be quite likely since no evidence as to previous sexual experience was offered at the former trial and I think this must be regarded as indicating, to some extent, that there was not any. In such an event, the reversal and retrial of the case because of the sustaining of the objection to the question would have resulted in a complete futility.
I agree that there are some aspects of the case which, when viewed from the whole record, do not appear wholly satisfactory. These principally consist of the delay in the report of the incident by the victim, the delay in the medical examination, and in the doctor’s indefinite opinion that he was unable to fix the time of the injury to the hymen more definitely than that it had occurred at some time within the past 18 months. On retrial, it is hoped, the facts and circumstances will be more fully explored.
ROBERTSON, BROOM and LEE, JJ., join in this dissent.